CATHARINE RIEBEL ET VIR., PLAINTIFFS, v. CLARENCE H. LIDDLE ET AL., DEFENDANTS.

Decided March 22, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the rule, *John C. Stockel.*

*Contra, Alfred D. Antonia.*

PER CURIAM.

This is an action brought to recover compensation for personal injuries suffered by the plaintiff Catherine Riebel from being struck down by an automobile belonging to the defendants and driven by one of them. The accident happened on State street, in Perth Amboy, while she was crossing the driveway leading from that street to the railroad station of the Pennsylvania Railroad Company. Her husband joined in the suit and seeks to recover compensation for the medical expenses incurred by him and resulting from his wife's injuries and also for the loss of her consortium. The trial resulted in a verdict of $3,000 in favor of Mrs. Riebel and $634 in favor of her husband.

The first ground upon which we are asked to make this rule absolute is that the verdict in favor of the plaintiffs is

against the weight of the evidence. We think there is no merit in this contention. The undisputed proof shows that Mrs. Riebel who was walking along the sidewalk of State street, undertook to cross over the driveway into the Pennsylvania railroad station when she came to it, and that while doing so the defendant Pfeiffer, who was driving the car, turned from State street into the driveway without noticing her at all until he was within a few feet of her, and that he gave no warning of his intention to make this turn until it was too late for Mrs. Riebel to avoid the collision. These facts, we think, make it plain that the accident was the result of the carelessness of the driver of defendant's car, and there is nothing in them to justify the contention made on behalf of the defendants that Mrs. Riebel was negligent in failing to observe the car as it turned into the driveway.

The only other contention is that the verdicts in favor of the plaintiffs are excessive. The amount awarded to the husband is only slightly in excess of the moneys actually expended by him in the treatment of his wife. Mrs. Riebel was a woman sixty-one years old at the time of the accident. The injuries received by her were quite severe. Her right knee joint was injured; she was struck on the head; and numerous parts of her body were bruised. As the result of her injuries she was confined to her bed for something like four months, and was not able to leave her house until about eight months after the accident. She suffered a great deal of pain and does not attempt to walk unless she uses a cane. She also suffers from psychoneurosis as a result of the accident and will probably continue to do so during the rest of her life, certainly for an indefinite time hereafter. In this situation, we do not think we would be justified in saying that the award to the wife is so clearly excessive as to warrant us in setting the verdict aside.